THE BEEKMAN ESTATE, Appellant, *v.* MARY C. FOSTER
et al., Respondents.

*Real property — covenants running with land — perpetual easements —*
*power of Supreme Court to withhold remedy of injunction.*

Beekman Estate v. Foster, 190 App. Div. 939, affirmed.
(Argued October 26, 1921; decided November 22, 1921.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 14, 1920, modifying and affirming as modified a judgment in favor of defendants entered upon the report of a referee. This action was brought by plaintiff to compel the determination of the claim made by the defendants to an easement of light, air and prospect over plaintiff's land, which defendants claim by virtue of a certain restrictive covenant contained in a recorded instrument which purports to limit the use and enjoyment by the plaintiff of the land owned by it and described in the complaint. The judgment entered upon the report of the referee dismissed the complaint, and established a perpetual easement of light, air and prospect over the premises owned by the plaintiff in favor of those owned by the defendants. This judgment was modified by the Appellate Division so as to correct an inadvertent error in the description of the premises owned by the plaintiff.

*Herbert L. Fordham, Charles A. Collin* and *Charles K. Beekman* for appellant.

*Outerbridge Horsey, Ellery O. Anderson* and *Warren C. Fielding* for respondents.

*Per Curiam.* We think that the restrictive covenants, read in the light of the surrounding circumstances, must be held to have been intended as a burden running with the land.

The judgment which describes the defendants' easement as " perpetual " does not, by such description, affect the power of the Supreme Court to withhold the remedy of injunction upon facts sufficient to justify the

substitution of money damages in the exercise of a sound discretion.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGH-LIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.